**BAYSTATE HEALTH SYSTEM, d/b/a Baystate Medical Center, Inc., et al., Plaintiffs,**

v.

**Tommy THOMPSON, Secretary, United States Department of Health and Human Services, Defendant.**

**No. CIV.A. 02–0601(PLF).**

United States District Court, District of Columbia.

March 25, 2003.

Christopher L. Keough, Powers, Pyles, Sutter & Verville, P.C., Washington, DC, for Plaintiffs.

Edward David Kalman, Gary Alan Rosenberg, Behar & Kalman, Boston, MA, Margaret J. Babb, Proskauer Rose, LLP, Washington, DC, Edward David Kalman, Gary Alan Rosenburg, Behar & Kalman, Boston, MA, for Intervenor–Plaintiff.

Gerard Keating, U.S. Department of Health & Human Services, Office of General Counsel, Peter David Blumberg, U.S. Attorney's Office, Sheila Mae Lieber, Pe-

ter Baker Robbins, U.S. Department of Justice, Washington, DC, for Defendants.

*CASE MANAGEMENT ORDER*

PAUL L. FRIEDMAN, District Judge.

On January 7, 2003, the Court consolidated 30 civil actions with the above-captioned case.[1] Subsequent to the consolidation, approximately 215 additional actions have been filed that raise the same or similar legal and factual issues. Under Rule 42(a) of the Federal Rules of Civil Procedure, the Court may consolidate separately filed cases when the cases involve a common question of law or fact. *See* FED. R. CIV. P. 42(a). Under Local Civil Rule 40.5(d), motions to consolidate shall be determined by the judge to whom the earliest numbered case is assigned. *See* LCvR 40.5(d).

The Court has determined that the 246 actions listed in Appendix A to this Case Management Order involve the same or similar legal issues. It therefore concludes that consolidation of these cases is appropriate. Furthermore, upon consideration of the proposed case management plan submitted by counsel for all parties in the 31 previously-consolidated cases and of the complaints filed in the 215 related cases, and recognizing the logistical burdens plaintiffs' counsel have placed on the Court by filing separate actions instead of one class action lawsuit, the Court has determined that a global case management plan is necessary in order to effectuate the efficient disposition of these actions. The Court also has concluded that the burden

---

1. The caption in the original Consolidation Order issued by the Court included two actions in which the parties entered into settlement agreements prior to the Court signing the Consolidation Order. On January 3.2003, the Court signed a Stipulation of Settlement and Dismissal, dismissing with prejudice *Stormont–Vail Health Care v. Thompson,* Civil Ac-

tion No. 02–1917. Also on January 3, 2003, the Court entered a Stipulation of Settlement and Dismissal, dismissing with prejudice *University of Kansas. Hospital Authority v. Thompson,* Civil Action No. 02–1925. Accordingly, these actions are no longer part of the consolidated action and shall not appear in the caption.

to procedurally coordinate all of these matters (and any related cases subsequently filed) for all plaintiffs and to communicate and coordinate with defendant's counsel should be borne by the four law firms that have filed the vast majority of these cases. Accordingly, it is hereby

ORDERED that *Baystate Health System v. Tommy Thompson*, Civil Action No. 02–0601 and those actions listed in Appendix A to this Order are hereby CONSOLIDATED; it is

FURTHER ORDERED that in order to facilitate the efficient management of these 246 cases, plaintiffs' counsel: (1) shall continue to serve the persons statutorily required to be served with pleadings on behalf of defendant Thompson with all pleadings in these consolidated actions and in any related cases subsequently filed; and (2) *in addition*, shall provide copies of all past, present and future pleadings, motions, oppositions, replies and other filings in these consolidated actions and in any related cases subsequently filed, with the

exception of the past filings in the 31 cases previously consolidated on January 7, 2003, to Robert E. Leidenheimer, Jr., Assistant United States Attorney, United States Attorney's Office for the District of Columbia, 555 Fourth St. NW, Washington, D.C., 20530 (hereinafter "government counsel"); it is

FURTHER ORDERED that those counsel not currently registered in the Court's Electronic Case Filing ("ECF") system shall contact the Clerk's Office in order to register;[2] it is

FURTHER ORDERED that all papers raising matters and issues common to *more than one* of these consolidated cases henceforth shall be filed *only* in the newly-created Miscellaneous Action No. 03–0090(PLF) under the caption "In Re: Medicare Reimbursement Litigation," and *not* in their individually-numbered cases; the individual cases to which the filings pertain nevertheless shall be listed in the caption of that filing as demonstrated in the following examples:

| | |
|---|---|
| IN RE:<br><br>MEDICARE REIMBURSEMENT LITIGATION | ) ) ) ) ) |
| | ) Misc. No. 03–0090(PLF) |
| This document relates to:<br><br>COVENANT MEDICAL CENTER v. THOMPSON, No. 02–0683<br><br>SAINT LUKE'S HOSPITAL OF KANSAS CITY v. THOMPSON, No. 02–1373 | ) ) ) ) ) ) ) ) |

| | |
|---|---|
| IN RE:<br><br>MEDICARE REIMBURSEMENT LITIGATION | ) ) ) ) |

**2.** Counsel may speak with any of the following with respect to this paragraph: Joe Burgess, Operations Analyst, 202–354–3172, Angela Caesar Mobley, Operations Manager, 202–354–3181, or Greg Hughes, Chief Deputy for Operations, 202–354–3191.

)
_____ ) Misc. No. 03–0090(PLF)
)
This document relates to: )
)
ALL ACTIONS )
_____ ); it is

FURTHER ORDERED that filings related to issues or matters *unique to one case* shall be filed *only* under that original individually-numbered case and *not* in Miscellaneous Action No. 03–0090; joint motions to dismiss on the basis of settlement, praecipes of dismissals and/or settlement documents submitted for court approval and similar filings shall be filed under the original individually-numbered case; when counsel files papers in the individual civil actions those counsel shall not "spread" that filing to the other consolidated actions when presented with that option during the ECF filing process; it is

FURTHER ORDERED that the Clerk of the Court is not required to provide hard copies of any papers filed electronically in the consolidated cases to supernumerary attorneys of a law firm who have not entered their appearances on the ECF system and registered for a password granting them access to the electronic dockets; it is

FURTHER ORDERED that the following lawyers and law firms are hereby designated "Coordinating Counsel": Reed Smith LLP, with lead counsel Jacqueline E. Bennett; Crowell & Moring, with lead counsel Robert Roth; Akin Gump Strauss Hauer & Feld LLP, with lead counsel John R. Jacob; and Kenneth R. Marcus, P.C., with lead counsel Kenneth R Marcus. As Coordinating Counsel, their responsibilities are to coordinate with all other plaintiffs' counsel to reach agreements on briefing schedules, number and lengths of briefs, and other matters that concern the core issues involved in all or most of the now consolidated cases, to communicate and coordinate with government counsel, and to attempt to negotiate any disagreements with the government before filing any motions or otherwise bringing such matters to the attention of the Court consistent with Local Civil Rule 7.1(m); it is

FURTHER ORDERED that Coordinating Counsel and government counsel shall jointly submit a proposed case management plan for all of the consolidated cases, including those in which the government's time to answer may not have expired, on or before May 16, 2003. This case management plan shall include a proposed schedule for briefing of the core issues. The Court expects joint briefs from plaintiffs, and will only consider the submission of short supplemental briefs filed by individual plaintiffs for good cause shown. In planning its schedule, counsel can assume that oral argument on the core issues will take place sometime between July 15, 2003 and August 20, 2003; it is

FURTHER ORDERED that to the extent that the government intends to move for an enlargement of time within which to answer or otherwise respond to the complaints in these consolidated actions, the government is directed to file a comprehensive request in the form of a plenary motion to the extent possible; and it is

FURTHER ORDERED that parties in any new cases filed and/or consolidated with these actions after this Order is entered will be required to comply with any briefing or case management schedules already in place except for good cause shown why those new actions should be exempt, keeping in mind that any decision made by

the Court on the core issues after the July or August argument is unlikely to be reconsidered.

SO ORDERED.

## APPENDIX A

02–0601: Baystate Health Systems v. Thompson

02–0683: Covenant Medical Center v. Thompson

02–1373: Saint Luke's Hospital of Kansas City v. Thompson

02–1380: Regents of the University of Michigan v. Thompson

02–1635: St. Francis Medical Center v. Thompson

02–1731: Brigham & Women's Hospital, et al. v. Thompson

02–1890: Via Christi Regional Medical Center, Inc. v. Thompson

02–1891: Saint Vincent Health Center v. Thompson

02–1892: Johnson City Medical Center v. Thompson

02–1893: St. John's Health System NE Community Hospital v. Thompson

02–1899: Presbyterian Hospital v. Thompson

02–1900: Forsyth Memorial Hospital, et al. v. Thompson

02–1901: Naples Community Hospital v. Thompson

02–1902: Virginia Mason Medical Center v. Thompson

02–1905: Waterbury Hospital v. Thompson

02–1907: Avera McKennan Hospital v. Thompson

02–1908: Rapid City Regional Hospital v. Thompson

02–1910: University of Washington v. Thompson

02–1911: Duke University Health System, Inc. v. Thompson

02–1912: William W. Backus Hospital v. Thompson

02–1913: Stamford Hospital v. Thompson

02–1914: Danbury Hospital v. Thompson

02–1915: New Britain General Hospital v. Thompson

02–1916: Edward W. Sparrow Hospital v. Thompson

02–1918: W.A. Foote Memorial Hospital v. Thompson

02–1919: Baptist Memorial Hospital v. Thompson

02–1920: Valley Presbyterian Hospital v. Thompson

02–1921: Denver General Hospital v. Thompson

02–1924: Monongahela Valley Hospital v. Thompson

02–1926: University of Kansas Hospital Authority v. Thompson

02–1927: Glenwood Regional Medical Center v. Thompson

02–2350: Meriter Hospital, Inc., et al. v. Thompson

03–0162: St Vincent Hospital of the Hospital Sisters of the Third Order of St Francis v. Thompson

03–0221: Via Christi Regional Medical Center, Inc. v. Thompson

03–0245: Saint Luke's Hospital of Kansas City v. Thompson

03–0250: Lakeland Regional Medical Center v. Thompson

03–0264: William B. Kessler Memorial Hospital v. Thompson

03–0267: Sisters of St. Francis Health Services, Inc. v. Thompson

03–0280: Winter Haven Hospital v. Thompson

03–0297: Salem Memorial Corporation v. Thompson

03–0299: Baptist St. Anthony Health System v. Thompson

03–0312: Medical Center East, Inc. v. Thompson

03–0315: Swedish Covenant Hospital v. Thompson

03–0316: St. Joseph Regional Health Center v. Thompson

03–0317: Robert Wood Johnson University Hospital v. Thompson

03–0318: St. Claire Medical Center v. Thompson

03–0319: Columbus Regional Hospital v. Thompson

03–0320: Somerset Hospital v. Thompson

03–0321: Delta Medical Center v. Thompson

03–0322: Santa Barbara Cottage Hospital v. Thompson

03–0323: Harrisburg Hospital, et al. v. Thompson

03–0332: Clara Maass Medical Center, et al. v. Thompson

03–0333: Cabrini Medical Center v. Thompson

03–0334: United Health Service Hospitals, Inc. v. Thompson

03–0335: Little Falls Hospital v. Thompson

03–0336: Mercy Medical Center of Springfield v. Thompson

03–0337: Medical College of Ohio Hospital v. Thompson

03–0339: Jackson Hospital & Clinic, Inc. v. Thompson

03–0340: Spartanburg Regional Medical Center v. Thompson

03–0341: Yale–New Haven Hospital v. Thompson

03–0342: Marietta Memorial Hospital v. Thompson

03–0343: Bridgeport Hospital v. Thompson

03–0345: University of Colorado Hospital v. Thompson

03–0346: Hospital for Joint Diseases Orthopaedic Institute v. Thompson

03–0347: Lennox Hill Hospital v. Thompson

03–0348: Alliance Community Hospital v. Thompson

03–0349: Robinson Memorial Hospital v. Thompson

03–0350: St. Rita's Medical Center v. Thompson

03–0351: H. Lee Moffitt Cancer Center v. Thompson

03–0352: Jefferson Memorial Hospital v. Thompson

03–0354: Covenant Health System/Methodist Hospital v. Thompson

03–0355: Methodist Hospital of Southern California, Inc. v. Thompson

03–0356: St. Vincent Hospital v. Thompson

03–0358: St. Dominic–Jackson Memorial Hospital, Inc. v. Thompson

03–0359: Delta Regional Medical Center, et al. v. Thompson

03–0363: Provena United Samaritans Hospital, et al. v. Thompson

03–0364: St. John Hospital & Medical Center v. Thompson

03–0391: Methodist Hospitals, Inc., Broadway Methodist–Southlake v. Thompson

03–0392: St. Vincent's Hospital & Medical Center of New York v. Thompson

03–0393: St. Vincent Medical Center v. Thompson

03–0394: St. Luke's Episcopal Hospital v. Thompson

03–0395: Mease Dunedin Hospital v. Thompson

03–0396: Medical Center at Bowling Green v. Thompson

03–0397: Bethesda Memorial Hospital v. Thompson

03–0398: South Florida Baptist Hospital v. Thompson

03–0399: Methodist Hospitals, Inc.,Gary Methodist–Northlake v. Thompson

03–0400: Cape Fear Valley Medical Center v. Thompson

03–0401: St. Mary's Medical Center v. Thompson

03–0403: Halifax Medical Center v. Thompson

03–0404: Swedish American Hospital v. Thompson

03–0405: Bronx–Lebanon Hospital Center v. Thompson

03–0406: Baptist Hospital, et al. v. Thompson

03–0407: Antelope Valley Hospital, et al. v. Thompson

03–0409: Saint Joseph Hospital Augusta Georgia, Inc. v. Thompson

03–0410: Highland Hospital of Rochester v. Thompson

03–0411: Anaheim Memorial Medical Center, et al. v. Thompson

03–0412: Fresno Community Hospital & Medical Center v. Thompson

03–0418: Christus Health Ark–La–Tex v. Thompson

03–0419: Aurora Healthcare, Inc., et al. v. Thompson

03–0420: Athens Regional Medical Center, Inc. v. Thompson

03–0422: John Dempsey Hospital v. Thompson

03–0423: St. Mary's Regional Medical Center v. Thompson

03–0424: Ohio State University Hospital v. Thompson

03–0425: Baptist Medical Center Princeton v. Thompson

03–0426: Mount Sinai Medical Center v. Thompson

03–0428: Sisters of Charity Hospital v. Thompson

03–0429: Clark Memorial Hospital v. Thompson

03–0430: Shands Jacksonville Medical Center, et al. v. Thompson

03–0436: Saint Vincent's Catholic Medical Center of Brooklyn & Queens, Inc. v. Thompson

03–0437: UAB Medical West v. Thompson

03–0446: AHS Hospital Corp./General Hospital at Passaic, et al. v. Thompson

03–0447: Kingsbrook Jewish Medical Center v. Thompson

03–0448: Barnert Hospital, et al. v. Thompson

03–0449: Ashtabula County Medical v. Thompson

03–0450: San Joaquin Community Hospital v. Thompson

03–0451: Spectrum Health Downtown Campus v. Thompson

**86**

03–0452: Northeast Alabama Regional Medical Center v. Thompson

03–0453: Lawrence & Memorial Hospital v. Thompson

03–0454: Mobil Infirmary Medical Center v. Thompson

03–0455: Franciscan Skemp Medical Center v. Thompson

03–0456: St. Joseph Hospital & Health Center v. Thompson

03–0457: Osteopathic Medical Center of Texas v. Thompson

03–0458: New York Hospital v. Thompson

03–0459: Middle Tennessee Medical Center v. Thompson

03–0460: Jersey Shore Medical Center v. Thompson

03–0468: University Community Hospital v. Thompson

03–0469: Licking Memorial Hospital v. Thompson

03–0470: Mercy Hospital of Buffalo v. Thompson

03–0471: Western Reserve Care System v. Thompson

03–0472: Covenant Medical Center–Cooper, et al. v. Thompson

03–0473: Leesburg Regional Medical Center v. Thompson

03–0474: Davis Memorial Hospital, Inc. v. Thompson

03–0475: University of South Alabama Medical Center v. Thompson

03–0476: St. Mary's Hospital v. Thompson

03–0477: Rogue Valley Medical Center v. Thompson

03–0478: NYU Downtown Hospital v. Thompson

03–0479: Presbyterian Hospital v. Thompson

03–0480: King's Daughter's Medical Center v. Thompson

03–0481: Good Samaritan Hospital v. Thompson

03–0482: UMDMJ v. Thompson

03–0483: St. Joseph's Hospital v. Thompson

03–0484: Lakeland Regional Medical Center v. Thompson

03–0485: St. Anthony's Hospital v. Thompson

03–0486: Mary Rutan Hospital v. Thompson

03–0487: Greenville Hospital Center v. Thompson

03–0488: Presbyterian Hospital v. Thompson

03–0489: University Hospital SUNY at Stony Brook v. Thompson

03–0490: Sentara Norfolk General Hospital v. Thompson

03–0491: Sentara Hampton General Hospital v. Thompson

03–0492: Dekalb Medical Center, Inc., et al. v. Thompson

03–0493: Millard Fillmore Hospital v. Thompson

03–0494: Bay Harbor Hospital v. Thompson

03–0495: Franciscan Medical Center v. Thompson

03–0497: Glendale Adventist Hospital v. Thompson

03–0498: Inova Alexandria Hospital, et al. v. Thompson

03–0499: North Broward Hospital District v. Thompson

03–0500: Alegent Health, et al. v. Thompson

03–0501: St. Vincent's Catholic Medical Centers of New York v. Thompson

03–0502: Southside Hospital v. Thompson

03–0503: Hazard ARH Regional Medical Center v. Thompson

03–0504: Women's Christian Association Hospital v. Thompson

03–0505: Palmetto Baptist Medical Center v. Thompson

03–0506: Shelby Baptist Medical Center v. Thompson

03–0507: St. Catherine Hospital, Inc. v. Thompson

03–0508: Miami Valley Hospital v. Thompson

03–0509: Sun Coast Hospital v. Thompson

03–0510: St. Mary's Medical Center v. Thompson

03–0511: Brunswick Hospital Center, Inc. v. Thompson

03–0512: Albany Medical Center Hospital v. Thompson

03–0513: Trinity Health Michigan v. Thompson

03–0514: West Calcasieu–Cameron Hospital

03–0516: Bon Secours Health System, Inc., et al. v. Thompson

03–0517: Hartford Healthcare, et al. v. Thompson

03–0518: Lakeland Medical Center–Mercy St. Joseph v. Thompson

03–0519: Adventist Health System, Inc., et al. v. Thompson

03–0520: Auburn Memorial Hospital v. Thompson

03–0521: St. Clare's Hospital of Schenectady v. Thompson

03–0522: St. Vincent Hospital & Health Services v. Thompson

03–0523: New York Hospital Medical Center of Queens v. Thompson

03–0524: Presbyterian Hospital v. Thompson

03–0525: Good Samaritan Hospital v. Thompson

03–0526: New York Methodist Hospital v. Thompson

03–0528: Sentara Virginia Beach General Hospital v. Thompson

03–0529: Ingalls Memorial Hospital v. Thompson

03–0530: Moses H. Cone Memorial Hospital Operating Corp. v. Thompson

03–0531: St. Francis Hospital, et al. v. Thompson

03–0532: Board of Trustees of the University of Alabama v. Thompson

03–0533: Providence Yakima Hospital, et al. v. Thompson

03–0534: Providence St. Peter Hospital, et al. v. Thompson

03–0535: Harrison Memorial Hospital v. Thompson

03–0536: Kadlec Medical Center v. Thompson

03–0537: New York Westchester Square Medical Center v. Thompson

03–0538: Emory University Hospital v. Thompson

03–0539: Wishard Health Services v. Thompson

03–0540: Sound Shore Medical Center of Westchester, et al. v. Thompson

03–0541: St. Vincent's Medical Center v. Thompson

03–0542: Long Beach Medical Center v. Thompson

 

03–0543: Cabell–Huntington Hospital, Inc. v. Thompson

03–0544: Suburban General Hospital v. Thompson

03–0545: Providence Hospital v. Thompson

03–0546: St. Alexius Medical Center v. Thompson

03–0547: Gaston Memorial Hospital, et al. v. Thompson

03–0548: Carilion Medical Center, et al. v. Thompson

03–0549: U.S. Health of Southern Ohio/Southern Ohio Medical Center v. Thompson

03–0550: Lincoln Regional Hospital v. Thompson

03–0551: Kaweah Delta Health Care District v. Thompson

03–0552: County of Erie v. Thompson

03–0553: St. Mary's Medical Center v. Thompson

03–0554: Catholic Health Partners Services v. Thompson

03–0555: OSF Healthcare System, Inc. v. Thompson

03–0558: Northern Hospital of Surry County, et al. v. Thompson

03–0559: Casa Grande Regional Medical Center, et al. v. Thompson

03–0560: Nyack Hospital, Inc. v. Thompson

03–0561: St. Francis Medical Center v. Thompson

03–0562: Highlands Regional Medical Center v. Thompson

03–0563: Gateway Medical Center v. Thompson

03–0564: United Hospital Medical Center v. Thompson

03–0565: Memorial Hospital of South Bend v. Thompson

03–0566: Union Hospital, Inc. v. Thompson

03–0567: St. Thomas Hospital v. Thompson

03–0568: Bayfront Medical Center, Inc. v. Thompson

03–0569: East Alabama Medical Center v. Thompson

03–0570: Baptist Hospital v. Thompson

03–0571: Spectrum Health–East Campus v. Thompson

03–0572: Elkhart General Hospital v. Thompson

03–0573: Bloomington Hospital & Health Care System v. Thompson

03–0574: Bay Regional Medical Center v. Thompson

03–0575: Glens Falls Hospital v. Thompson v. Thompson

03–0576: Knapp Medical Center v. Thompson

03–0577: University of Utah Hospital v. Thompson

03–0578: Owensboro Mercy Health System v. Thompson

03–0579: Ball Memorial Hospital, Inc. v. Thompson

03–0580: Vanderbilt University Medical Center v. Thompson

03–0581: Interfaith Medical Center v. Thompson

03–0582: Central Baptist Hospital v. Thompson

03–0583: Wuesthoff Memorial Hospital v. Thompson

03–0584: Deaconess Hospital, Inc. v. Thompson

03–0585: Maimonides Medical Center v. Thompson

03–0586: Sacred Heart Hospital v. Thompson

03–0587: Palmetto Health Richland Memorial Hospital v. Thompson

03–0588: University of Illinois Medical Center at Chicago v. Thompson

03–0589: Anderson Area Medical Center v. Thompson

03–0590: University Community Hospital Carrollwood v. Thompson

03–0591: St. Elizabeth Hospital v. Thompson

03–0592: Slidell Memorial Hospital v. Thompson

03–0593: St. Joseph Health System and Affiliates v. Thompson